FILED & JUDGMENT ENTERED
Steven T. Salata

June 19 2018

Clerk, U.S. Bankruptcy Court
Western District of North Carolina

_____
Laura T. Beyer
United States Bankruptcy Judge

**UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION**

| | |
|---|---|
| In re: ) | |
| ) | |
| **LONITA JANETA HILLIARD-GRAY,** ) | Chapter 13 |
| ) | Case No. 18-30549 |
| Debtor. ) | |
| _____) | |

**ORDER DENYING DEBTOR'S MOTION TO RECONSIDER DISMISSAL OF CASE**

**THIS MATTER** is before the court on the pro se Debtor's "Request for Reconsideration" of her case (the "Motion") filed June 6, 2018. The Motion asks the court to reinstate this case. The court dismissed the Debtor's case for two reasons. First, the Debtor failed to file the necessary schedules, statements, local forms, and documents required of all Chapter 13 debtors; second, she failed to appear before the Court on May 15, 2018 at the hearing on the court's Order to Appear and Show Cause (the "Order"). The Order required the Debtor to show cause why the court should not dismiss this case and bar future filings because this is her fourth Chapter 13 filing in less than two years. After the Debtor failed to appear at the hearing on May

15, 2018, the court dismissed this case and barred the Debtor from filing another case for 180 days.

The court held a hearing on the Debtor's Motion on June 12, 2018. The Debtor was present along with counsel for the Trustee, the Bankruptcy Administrator, and counsel for the Debtor's landlord. The Debtor noted that she missed the May 15, 2018 hearing to care for her foster child.

In response, the Bankruptcy Administrator noted the unusual circumstances but informed the court that Debtor had not yet filed a certificate of credit counseling (the "Certificate") with the court; Debtor responded that she had received credit counseling on April 10, 2018 but had not yet had the opportunity to file her Certificate with the court. Upon reviewing the Certificate that the Debtor brought with her to court as proof, the Bankruptcy Administrator advised that the date of completion listed on the Certificate appeared to have been altered. The court also reviewed this document and noted the discrepancy in fonts; further, the court raised its concern that the Certificate had still not been filed with the court as required by 11 U.S.C. §§ 109, 111.

Next, the court inquired about the Debtor's missed installment payments on her filing fee and missed plan payments. The Debtor confirmed that she had paid her second installment fee but argued she was not aware that she was supposed to have

been making plan payments. Counsel for the Trustee disagreed and stated that it was the Debtor's normal practice to not make plan payments as evidenced by her previous Chapter 13 cases. Moreover, counsel for the Trustee maintained that the Debtor filed a "bare-bones" petition in this case with barely legible and incomplete schedules as she had done with each of her prior Chapter 13 cases. The Bankruptcy Administrator argued that the Debtor had filed this case in bad faith and requested that the court deny the Motion. Counsel for the Debtor's landlord agreed with both counsel for the Trustee and the Bankruptcy Administrator. The landlord's counsel advised the court that the Debtor had not paid rent since December 2017 when she moved in; yet, the landlord had been continually estopped from eviction proceedings by the Debtor's ongoing Chapter 13 cases and the related stays. The landlord's counsel also alleged that the Debtor had supplied the landlord with a Social Security number different than the one that the Debtor provided to the court.

Taking all of the facts and argument into account, the court concludes that: the Debtor's filing of a "bare-bones" petition coupled with her missed plan payments and unfiled credit counseling Certificate are reasons to deny the Debtor's Motion; the court also acknowledges the Debtor's alleged failure to pay rent for over five months and use of multiple Social Security numbers. For all of these reasons, the Debtor's Motion

is hereby **DENIED.**

    **SO ORDERED.**

This Order has been signed electronically. The Judge's signature and Court's seal appear at the top of the Order.

United States Bankruptcy Court